## ANDERSON *vs.* TRIBBLE.

1. There was no error in the manner in which the respective claims of the parties were presented by the judge to the jury in this case.
2. It does not appear to us that the judge presented the issues in this case unfairly.
3. There was no error in instructing the jury that in weighing the testimony of a witness who was before them, they could consider the man himself, judge of his intelligence, his manner of testifying, his integrity and uprightness, and character for veracity, if they knew it.
(*a.*) Written evidence is considered of higher proof than oral, and where the parties have reduced their contract, agreement or stipulation to writing, and assented thereto, it is the best evidence of the same.
4. Testimony taken down on a former trial of the same case may be introduced to show such contradictory statements of a witness as to make him unworthy of credit, although not conclusive as to such former testimony; and such is a fair construction of the meaning of the judge's charge on this point.
5. The contest being in regard to the title to land, on the trial a charge could not be invoked to the effect that if the deed under which one party claimed was void as conveying title on account of usury, it might still be foreclosed as an equitable mortgage, and be superior to the rights of the maker's family by reason of a homestead taken after it was made.
(*a.*) The homestead right cannot be defeated by a deed void for usury nor can a like result be accomplished under the same instrument by calling it an equitable mortgage.

Charge of Court. Evidence. Deeds. Title. Mortgage. Homestead. Before Judge LAWSON. Jones Superior Court. April term, 1880.

Reported in the decision.

C. L. BARTLETT; ROBT. V. HARDEMAN, by HARRISON & PEEPLES, for plaintiff in error.

BERNER & TURNER, for defendant.

CRAWFORD, Justice.

Eliza M. Tribble made application for homestead and exemption in certain real and personal estate as the property of her husband, and to which S. M. Anderson filed objections upon the ground that the property out of which she sought to have it set apart belonged to him, and not to her husband, S. B. Tribble.

Anderson then, in order to further assert his title to this property, sued out a possessory warrant to recover the mules, a distress warrant to collect rent for the land, and also a warrant to dispossess Tribble as a tenant holding over.

These cases were all transferred to the superior court, and by consent and agreement the parties were to file such pleadings as would litigate and determine all the matters in controversy upon their merits. Thereupon Anderson added to his suits an action of ejectment, and Mrs. Tribble, to her application for homestead, a bill in equity, setting up that the deed to this land, held by Anderson, was void for usury, and that the bill of sale to the mules was given only to secure a debt.

The issues made by these pleadings simply involved a question of title, and its legal consequences, and the parties were moving aggressively against each other under the rules of law to secure legal recognition of the rights of ownership.

Upon a former trial the jury found that the title was in Anderson, a writ of error was sued out, that judgment reversed, a new trial granted, in which the jury found the title to the land in Tribble, and to the mules in Anderson, and he now seeks a new trial for errors which he alleges to have been committed on said trial.

The errors complained of and relied upon before us are those set out in the 7th, 9th, 12th, 16th, and 19th grounds of the motion for a new trial, and which we will dispose of in the order in which they come.

(7). Because the court charged the jury as follows,

to-wit: " Look to the evidence and ascertain whether the defendant in his transactions with the husband of complainant charged him a higher than a legal rate of interest. The complainant says in her pleadings and otherwise, that her husband, on the 4th day January, 1872, gave defendants a bill of sale to two mules and a mare to secure a debt of $204.00, due December 25th, 1872, on which he charged 15 per cent. interest; that to the $204.00 and interest at 15 per cent., he added a store account and medical account aggregating $21.58, and on this account charged him 20 per cent. interest for a year, making the sum $307.00, and to secure the payment of this sum he took from Tribble a deed to land, dated December 25th, 1872, taking Tribble's note for same amount, and executing to him a bond for titles to reconvey said land on payment of the money. She further alleges, that to this sum of $307.00 he added $270.00, paid to one Hammons for Tribble, and upon the aggregate amounts charged him 10 per cent., which was at that time lawful, making the sum $635.00, that on January 10th, 1873, he added to the above sum interest at the rate of 20 per cent., which was unlawful, making $762.00 for which he took Tribble's note, also, a deed to said land, or a part thereof, to secure payments, and gave to Tribble his bond to reconvey upon payment of the amount; that on the latter note Tribble made a payment of $85.00, and to the remainder interest at 10 per cent. was added, and also, $25.00 subsequently borrowed, making the amount $774.00, and to the last amount interest at the rate of 15 per cent. was added for ten months and twenty days, making the amount of $878.00, for which a deed, or an instrument in the nature of a deed, was taken. She further alleges that no interest was charged for the years 1875 and 1876, because, she says, rent was paid in lieu of interest. If those allegations are sustained by the evidence in the case, the complainant, in the absence of a good defense, would be entitled to recover in this suit. It was usurious on the 4th day of January, 1872, to charge 15 per cent. for the use of money,

and on the 25th day of December, 1872, and on the 10th day January, 1873, to charge 20 per cent. for the use of money, and if, as is alleged, the defendant charged Tribble such rates of interest, and those contracts were afterwards merged into other contracts and notes, to secure which the deed or deeds on which defendant relies were given, and if these transactions were never subsequently purged of the usury, nor settlement made by the parties, you should find for complainant, and if Anderson's deed is infected with usury, as claimed by complainant, you will find for her, setting up the homestead in the land.

1. The error complained of in this part of the charge is, that the judge states with too much minuteness and detail what the complainant claimed, and after thus presenting the same, says : If these allegations are true then the complainant is entitled to a verdict. Had the judge stopped just here with his charge there would be reason to except, but he proceeds at once to instruct the jury that the defendant urged, in his pleadings and otherwise, that he never charged the husband of complainant any usury, and that if there appear to be usury in any of the transactions it is really not such, but a profit on the land bought from Tribble, that he would buy it from him at one price and to sell it to him at another and an advanced price. On this part of the defense I charge you that if he bought the land *bona fide* from Tribble and resold it to him at an advanced price, exceeding what would be a legal rate of interest on the price paid, it would not be usurious, but if it was a collateral sale, a mere devise to cover an unlawful rate of interest, it would be usurious. The defendant further denies the entire theory of the complainant in respect to the notes of $204.00 and $307.00, for which he took security in land, and says, that the deed on which he relies was not given to secure these amounts or any other amount of which these form a part. But that on the contrary the notes of $774.00 afterwards increased to $878.00, and secured by deed, were given for money which

he, at Tribble's request, advanced to Hammond and Glover to pay debts which he, Tribble, owed them, and for which they had deeds to parts of his land. These defenses are good if true.

We think that there is no error in the manner in which the respective claims of the parties were here presented to the jury, for they were full, clear and impartially put, as it appears to us from a close examination thereof.

(9.) Because the court erred in charging the jury as follows, to-wit : Anderson denies all usury, but plants himself upon a settlement ; he says, there was a settlement in 1874, and if there was any usury in the debts, it was then paid in the land, and the whole matter settled. If this be true, then complainant is not entitled to a homestead, but Anderson has good titles and can recover the land, unless it was re-opened in 1876, and if so reopened, and the usury in the former transactions, which have been so settled and closed up, was not purged, then the deeds are still infected with usury, and the title void ; that is, if at the time it was re-opened the debt simply held, and is being enforced for the principal and legal interest, all usury purged out, and so understood as purged out as usury, then his, Anderson's, title will be good ; if not purged, then the deed of 1873 and conveyance of 1876 would be void as title.

2. The objection to this part of the charge is, that the judge failed to present the case of the plaintiff in error as made by the pleadings and proof except in generalities, which was unfair, considering the minute manner in which he had presented the case for the defendant in error. The emphasis was also lacking in the presentation of the case for the plaintiff in error. We fail to see any want of fairness in the manner of presenting the case in this ground of exception. And as to the *emphasis* of the judge in his charge, we are utterly unable to pass upon that, as there are no means yet provided for conveying to this court the cadences of the judge when he instructs

Anderson *vs.* Tribble.

the jury for one side, and again its emphatic swell when he is instructing for the other.

(12). Because the court erred in charging the jury: You have the witness before you; you consider the man himself. Judge of his intelligence, his manner of testifying on the stand, and his integrity and uprightness, character for veracity, if you know what that is. When a statement is in writing, when parties have reduced and put their transactions in writing, it is better than oral evidence depending on their recollection; the writing cannot change—our memories are liable to deceive us—but when a thing is in writing, it is better than the memory of a witness, or verbal evidence; therefore see what the papers before you say about those transactions. Have the parties put them in writing before you? If so, you will give them more weight than oral evidence.

3. This part of the charge is objected to, because it is not the law. The judge is instructing the jury as to the rules by which they are to weigh the testimony of witnesses who deliver it orally, and how they are to consider testimony offered in writing, and it is laid down, in our judgment, as directed by the Code, in §3762, and in the works on the law of evidence.

(16). Because the court erred in charging the jury at the request of complainant's counsel: That the testimony of a witness taken down on the former trial of a case, agreed to by counsel, and approved by the court, is evidence of what he swore on the trial, and if on a subsequent trial he testified contrary to what the record shows he swore on the former trial, it is for the jury to determine whether his memory was at fault on the former or subsequent trial. If in this case such a record has been introduced before you, such record is evidence of what he swore on the former trial, and it is for you to say whether he swore correctly then or now.

4. The plaintiff in error objects to this charge for the reason that it was an expression of opinion by the

judge on the evidence, and took away from the jury the right to determine whether the witness had been impeached.

It has been repeatedly ruled by this court that testimony taken down on a former trial may be introduced to show such contradictory statements by a witness as to make him unworthy of credit. The judge in his charge on this branch of the case appears to us to have been seeking thus to present the testimony to the jury. The charge, however, would have been obnoxious to the objection urged against it, if he had said that that which had been taken down on a former trial was *conclusive* evidence that the witness did so swear. But the judge says in the first and latter part of this charge that it is *evidence* of what he swore on the former trial. Whilst, therefore, it is not altogether as well guarded as it might have been, still we think that we have given it a fair and reasonable construction. 28 *Ga.*, 19; 23 *Id.*, 303.

(19). Because the court erred in refusing to charge the jury, as requested in writing by respondent's counsel: If the jury believe from the evidence, that Anderson paid money and took up deeds on the land, which were incumbrances thereon, and Anderson took a deed to said land and Tribble's note for the money, then if there is usury in the debt, still Anderson is entitled to have said deed foreclosed as an equitable mortgage against the land, for principal and legal interest, and if there was no usury in the incumbrances which Anderson took up, and his claims now represent the amounts paid th· refor, then the complainant is not entitled to a homestead; and if these incumbrances were in the shape of deeds to the land to secure a debt, then the title was in the parties to whom the deeds were made, and who held them, and if Anderson removed these incumbrances, complainant is not entitled to a homestead as against the principal and legal interest, and the jury should find for the respondent in the bill.

5. The object of this request was to secure for the plaintiff in error a foreclosure under his deed, against the land for the amount of his principal debt and the lawful interest thereon, and the question of law thus presented to the judge was, whether he was entitled under a deed void as title for usury, with the pleadings and proof in the case before him, to instruct the jury to find against the homestead, and in favor of the foreclosure of such a paper for the principal and lawful interest due upon the loans. The real question, from beginning to ending in this case, was one of *title*. If in Tribble, his wife was entitled to homestead ; if in Anderson, then she was not.

But this was an effort adroitly made to abandon the issue over title, surrender the usury, sell the land, defeat the homestead, and appropriate the money, by calling a void *deed* an *equitable mortgage*. The homestead right cannot be defeated by a deed tainted with usury—nor by the same instrument can a like result be accomplished by calling it an equitable mortgage. 63 *Ga.*, 54–5 [3].

In looking through this whole record we see no reason to disturb the finding of the jury nor to reverse the judge in his refusal to grant a new trial.

Judgment affirmed.