## MITCHELL vs. THE STATE OF GEORGIA.

The verdict was sustained by law and evidence. *Smith vs State*, 23 *Ga.* 297, s. c. 28 *Ga.* 219, distinguished.

December 22, 1888.

Criminal law. New trial. Evidence. Before Judge POWELL. City court of Newnan. April term, 1888.

Lucinda Tanner testified positively as to the guilt of defendant and as to the time of the commission of the crime; that she at no other time had intercourse with a man; that from the one time of intercourse with defendant she became pregnant and had a child; that she did not tell her father and mother about the occurrence until about a month or two before her child was born; that her father then whipped her lightly because she did not tell him at the time of the act of fornication; and that she had told her father and mother before she was whipped who the father of the child was. She was corroborated by her mother as to all the testimony above stated, except as to the act of fornication, which the mother did not see; but she swore that defendant was present at the time of the alleged crime and had opportunity to commit it.

Defendant claimed that he was innocent of ever having had intercourse with said Lucinda, and that he was elsewhere at the time testified to by her; and introduced several witnesses to prove an *alibi*. Some of his witnesses testified that the mother of Lucinda stated in Lucinda's presence that Lucinda's father whipped her until she told who was the father of the baby.

P. F. SMITH, for plaintiff in error.

P. S. WHATLEY, solicitor, for the State.

SIMMONS, Justice.

Mitchell was tried and convicted of the offence of fornication with one Lucinda Tanner. The evidence will be found in the official report. A motion was made for

a new trial, on the sole ground that the verdict was contrary to law and the evidence; which was overruled by the court, and he excepted.

We have carefully read the testimony in this case, and we see no error in the refusal of the court below to grant a new trial. The witness, Lucinda Tanner, swore positively to the offence, and she was not impeached. There were some slight circumstances going to corroborate her testimony, especially as to the fact of opportunity, and there was no proof on the part of the defendant denying her testimony, further than his statement not under oath. He undertook to set up an *alibi* and failed. The judge below, who tried this case without a jury, had the witnesses before him, and heard this woman testify, and saw the manner in which she testified. It was doubtless argued before him, as it was before us, that her story was improbable and impossible. He was the judge of her credibility, and he believed her; and we cannot say that he erred in so doing.

It was urged before us by counsel for the plaintiff in error that this court, in the case of *Smith vs. The State*, 23 *Ga.* 297, decided that a witness who testified to such a state of facts as the witness in this case did, was not to be believed, and that a new trial was granted in that case on that ground. An examination of that case will show that it was totally misapprehended by counsel for the plaintiff in error. The new trial was granted in that case solely upon the ground that the witness had testified falsely to a leading fact in the case about which there could be no mistake or misapprehension, and that corroboration simply as to immaterial facts would not restore her credit, nor authorize a conviction upon her evidence. And when the same case was before this court again, (28 *Ga.* 19,) BENNING, J., in delivering the opinion of the court, said: "The judges of

this court did not, as a court, express any opinion at all on the evidence in the case. . . . . This court abstained from passing any judgment on the ground that the verdict was contrary to the evidence."

Judgment affirmed.