## 3432.   LAVENDER *v.* THE STATE.

The evidence practically demanded a verdict of guilty, and no error of law
appears.

DECIDED OCTOBER 23, 1911.

Conviction of assault with intent to rape; from Fulton superior
court—Judge L. S. Roan.   April 1, 1911.

*Thomas L. Bishop,* for plaintiff in error.

*H. M. Dorsey, solicitor-general,* contra.

RUSSELL, J.   Lavender was convicted of assault with intent to
rape.   The evidence for the State is overwhelming, both as to the
assault and as to the identity of the defendant as the guilty party.
The defendant relied on an alibi.   The State fixed the time at
about 2 o'clock p. m.   Two or three witnesses testified that at this
hour the defendant was at work in a hotel some distance from the
scene of the crime.   In arguing the case to the jury the solicitor-
general contended that the apparent conflict in the evidence as to
the time of day could be reconciled on the theory that at Atlanta
both Central and Eastern time are used, and that there is an hour's
difference between the two.   The defendant's counsel objected to the
argument, on the ground that there was no evidence to support it.
The solicitor-general argued to the court that judicial cognizance
could be taken of the difference in these times; but, on seeing that
the court was about to rule to the contrary, he yielded and ceased to
argue on the point.   The defendant's counsel did not invoke a rul-
ing by the judge.   No motion for mistrial was made, nor was the
court requested to charge the jury that they should disregard the
argument.

We do not deem it necessary to decide whether judicial cogni-
zance can be taken of the difference between Central and Eastern
times.   This is a fact of such common and universal knowledge that
we are inclined to agree with the learned solicitor-general that
proof thereof can be dispensed with.   It is unnecessary to prove
that which all men know.   But, irrespective of that, the defendant
has waived his right for a new trial because of this supposed error.
He should have invoked a ruling, or made a motion for a mistrial,
or at least have requested the court to instruct the jury to disregard
the argument.   By acquiescing in the abandonment of the argument
by the solicitor-general, and in failing to take prompt and imme-
diate action to cure the supposed error, he has precluded himself

from complaining thereof. *Ga. Ry. & Elec. Co.* v. *Dougherty, 4 Ga. App.* 614 (62 S. E. 158).

In the fourth and fifth grounds of the motion for a new trial complaint is made of the admission of certain evidence as to a gun. These grounds are incomplete, in that they fail to state that the plaintiff in error informed the court of his objection thereto at the time the evidence was offered. Furthermore, the evidence was highly relevant for the purpose of identifying the prisoner, and was not inadmissible for any of the reasons here urged. The evidence practically demanded a verdict of guilty, and no error of law appears. *Judgment affirmed.*