### 2095. WHITE *v.* THE STATE.

1. Section 1032 of the Penal Code, which forbids the judge to express any opinion as to facts, relates only to statements made during the progress of the case or in the charge to the jury. The section is not applicable to remarks made by the judge prior to the trial, though made in open court and in the presence of persons who afterwards served on the jury in the case.
2. The evidence supports the verdict.
3. The grounds of the motion for a new trial, other than those dealt with above, are not in legal form, and, therefore, can not be considered.

Indictment for assault with intent to murder; from Gwinnett superior court—Judge Brand. July 14, 1909.

Argued October 6,—Decided November 9, 1909.

*M. D. Irwin,* for plaintiff in error.

*Clifford Walker, solicitor, W. E. Talley,* contra.

POWELL, J. The only ground of error requiring discussion is that the court announced from the bench, in the presence of jurors who were to try the case, that when he stated he would continue the case, he did not know that the defendant, Ann White, was "Ann Ryles;" that she had deceived the court and even her own counsel, making each believe her statement that she was pregnant, and, therefore, could not be in court; he had been informed since he announced the continuance of the case that she was not pregnant as she claimed, but was simply deceiving the court for the purpose of continuing the case. Explanatory of this ground, it appears that, when the case was called, Mr. Irwin, of counsel for the defendant, stated to the court that his client was absent and could not be at the court to try the case, because she was pregnant,—"was on the eve of giving birth to a child." Counsel was asked as to his personal knowledge as to the matter, and he said that he had not seen the defendant recently, but, from her looks, he believed this to be true. The court announced that the case would be continued. Later the sheriff and others told the court that the defendant was not about to give birth to a child, but that she was on the

streets of Lawrenceville, and that she had deceived the court and her counsel.   The judge appointed a physician to examine the defendant; and the physician reported to the judge that if the woman was pregnant at all, it could not be discovered by him—that in any event it would be months before she would be confined.   The judge then made to Mr. Irwin the statement complained of in the ground for new trial mentioned above.   It was a felony case, and when the panel of forty-eight jurors was put upon the defendant, the judge called their attention to what had occurred in their presence, and told them distinctly that what had been said by the court was not to influence them in the making of a verdict, and that if any of them should be chosen to try the case, they were to pay no attention to that matter whatever.   So far as the record discloses, the defendant made no objection to proceeding to a trial by jurors who had heard the remark of the judge, nor was any postponement of the case asked on that account.   At the beginning of the charge to the jury, the judge said to the jury: "As I stated to all the jury before empanelled, I now state to you that you must try this case by the evidence, including the defendant's statement, and under the charge of the court and in the light of argument of counsel, and not be influenced either for or against the State or defendant by anything that occurred before the trial, in your presence, before  you were sworn and empanelled.   It is the duty of judges and jurors to see to it that a citizen of this commonwealth secures a fair and impartial trial.   Jurors are unworthy to be in the box and a judge is unworthy to hold his commission unless he can rise above everything and try the case legally, fairly, and impartially.   I admonish you thus because the court has not thought for a minute that you would do otherwise, but on account of what you witnessed this afternoon, occurring in your presence before you were sworn and empanelled, as to whether this defendant would be put upon trial now or not."   If the language complained of had been used by the judge when the case was in progress, it would have fallen within the provisions of section 1032 of the Penal Code, and would be reversible error.   As we pointed out in the *Cole* case, 6 *Ga. App.* 798  (65 S. E. 839), that section is mandatory as to this ground for a new trial, whenever there has been a violation of its provisions.   The language here complained of did not occur during the progress of the case, but was used prior to the

beginning of the trial.    Judges should be very careful not to say anything prejudicial to a party, if any of the jurors who are likely to be chosen to try the case are present at the time.    Indeed, we may say that if, when the jurors were put upon their voir dire, the defendant had separately challenged each of them, on the ground that he had heard the remark of the judge, the challenge would have been well taken and the juror should have been excused.    But a defendant can not sit idly by and accept jurors without objection, taking the chance of obtaining an acquittal, and then complain that they were influenced by a fact of which he was aware and to which he did not object before they were sworn.    It is regrettable that the judge used the language in the presence of the jurors; it is plain, from the pains which he subsequently took to attempt to eradicate the effects of the transaction from the minds of the jurors, that he himself felt that his remark had escaped him at an unfortunate time; but since defendant's counsel knew all the facts before accepting the jurors, and since he went to trial without objecting and without challenge on this ground, he is estopped from objecting after the verdict.    The defendant was plainly guilty, under the testimony adduced at the trial.    The alleged newly discovered evidence can not be considered, as there is no affidavit supporting the credibility of the witnesses from whom this testimony comes.                                          *Judgment affirmed.*