## WRIGHTSVILLE & TENNILLE RAILROAD CO. *v.* JOINER.

1. Upon the trial of a suit for damages against a railroad company by one for injuries sustained while a passenger on one of the trains of the company, the latter in writing duly requested the court to charge as follows: "Plaintiff must recover upon proof of the acts of negligence and carelessness set out in the declaration, and proof of any other act or acts of negligence or carelessness of the employees of the defendant will not authorize a recovery, unless the jury is satisfied from the evidence that the acts of negligence set forth in the declaration have been satisfactorily proven." *Held,* that the charge requested was not a correct charge, because, if given, it might have led the jury to believe that the plaintiff would be entitled to recover if the defendant was guilty of any act of negligence other than those set out in the plaintiff's declaration and the plaintiff's injuries were caused thereby, if the jury believed that the acts of negligence charged in the declaration had been proved. Even if the charge requested had been entirely accurate, the refusal to give it would not have been error requiring a new trial, in view of the instructions given by the court to the jury in other portions of his charge, to wit: "I charge you in this case that if the plaintiff recovers, he should recover on the allegations of negligence set out in the plaintiff's petition."

2. The charge referred to in the 2d division of the opinion was not error.

3. Nor was there error in the admission of testimony referred to in the 3d division of the opinion.

4. The evidence was sufficient to support the verdict, and the court committed no error in refusing a new trial.

APRIL 12, 1911.

Action for damages. Before Judge Rawlings. Johnson superior court. January 4, 1910.

*Daley & Daley,* for plaintiff in error.

*J. L. Kent* and *Hines & Jordan,* contra.

HOLDEN, J. The defendant in error (hereinafter called the plaintiff) sued the plaintiff in error (hereinafter called the defendant) for damages. The petition as amended, and after certain portions thereof were stricken on demurrer, made, among others, substantially the following allegations: The plaintiff was injured while a passenger on the train of the defendant. "The train on which your petitioner was such passenger was a regular passenger-train of the defendant but had a freight box next to the engine, heavily loaded with meat, and, at the time of said derailment, was running at a great rate of speed, to wit, thirty to forty miles an hour. Petitioner shows that defendant was negligent in not having sound cross-ties in its road-bed and under its rails at the place and time of said derailment, whereby said derailment

was caused. Defendant was further negligent in having its road-bed so poorly constructed, at the place and time of said derail-ment, and that spikes were out of the rails, and that its road-bed was not properly surfaced up and ballasted, and in that were out of sidebars in the rails, whereby said derailment was caused. Defendant was further negligent in pulling said heavily laden freight-car, so loaded with meat, in its passenger-train, at such rapid rate, whereby said derailment was caused; the reason being that the running of said heavy loaded freight-car at such rapid, unusual, and unnecessary rate of speed would derail said box car and thus wreck said passenger-train. By reason of said derailment as above narrated, your petitioner, who was riding in the smoking car, which was the rear end, and at the time was suddenly and vio-lently thrown off and between the seats, knocked down, and ren-dered unconscious." The plaintiff set forth the nature and extent of his alleged injuries. The defendant filed an answer, averring that the plaintiff was not injured because of any acts of negligence alleged, and that "the cause of said derailment was and is totally unknown to defendant company, not due to any of the causes alleged in the plaintiff's petition, and the same was an accident pure and simple, which it was neither possible for defendant com-pany, its agents, servants, and employees to foresee or prevent; was and is entirely unaccountable, and for which defendant company was in no wise liable or responsible." Upon the trial of the case the jury rendered a verdict in favor of the plaintiff, and to the order of the court refusing it a new trial. the defendant excepted.

1. One ground of the amendment to the motion for a new trial is as follows: "Because the court erred in refusing to charge to the jury fully the following request to charge, the same having been sub-mitted to the court in writing before the jury retired: ' Plaintiff must recover upon proof of the acts of negligence and carelessness set out in the declaration, and proof of any other act or acts of negligence or carelessness of the employees of the defendant will not authorize a recovery, unless the jury is satisfied from the evidence that the acts of negligence set forth in the declaration have been satisfactorily proven.' Said request was a correct proposition of law applicable to the issue involved, and the charge of the court as given was not sufficient to cover the points involved." The charge requested was not entirely clear and free from objection; and if

the court had given the same, it might have misled the jury into the belief that the plaintiff would be entitled to recover if the defendant was guilty of any act of negligence other than those charged in the petition and plaintiff's injuries were caused thereby, if the jury believed that the acts of negligence charged in the petition had been proved. See, in this connection, *Central R. Co.* v. *Nash,* 81 *Ga.* 580, 585 (7 S. E. 808). The court charged the jury: "I charge you in this case that if the plaintiff recovers, he should recover on the allegations of negligence set out in the plaintiff's petition." Even if the charge requested had been entirely accurate, the refusal to give it would not have been error requiring a new trial, in view of the charge given by the court as above quoted.

2. Another ground of the amendment to the motion for a new trial was as follows: "Because the court erred in charging the jury as follows: 'In arriving, therefore, at the amount which should be allowed the plaintiff on account of loss arising from diminished ability to labor, you should take all these matters into consideration and give them due weight.' Said charge was error, because the same tended to impress upon the jury the fact that they should find for the plaintiff for some amount, the same being a positive statement of the court without the use of any qualifying words, tending to impress upon the jury the fact that it was an opinion of the court." There was no error in giving this charge. The court was dealing at the time with the question of the amount of recovery in the event the plaintiff was entitled to recover at all, and specially instructed the jury that his instructions regarding the amount of recovery should be disregarded by them if they found that the plaintiff was not entitled to recover.

3. Another assignment of error is as follows: "Because the court erred in admitting the following evidence over the objection of the defendant's counsel: 'I saw Mr. Kessler on the occasion of this wreck at the scene of the wreck. Mr. Kessler was asked what he thought was the cause of the wreck, and he said that it was the heavily loaded car-box. He said that he had asked the railroad officials not to run them with passenger-trains, and he said that they went on and did it over his protest and now they had the wreck. That is the statement that he made.' Movant's objections to the introduction of this evidence on the grounds that it was an attempt to prove contradictory statements of Mr. Kessler as to the

cause of the wreck for the purpose of impeaching Mr. Kessler's testimony, and that such evidence was incompetent on the ground that it was not relevant and a witness could not be impeached unless it was on a matter relevant. Movant further objected on the ground that any statement which Mr. Kessler might have made as to the cause of the wreck was not binding on the defendant, and therefore incompetent. Such a statement would be a mere opinion and irrelevant to the issue involved, immaterial and incompetent. Said objections were overruled by the court, and movant hereby assigns same as error." The witness Kessler was asked if he had made the statements referred to in the above testimony, and denied having made the same; and in another ground of the amendment to the motion for a new trial, error is assigned on the ruling of the court in permitting such questions to be propounded to the witness Kessler, and in admitting his answers thereto. The testimony as to statements made by the witness Kessler was not admitted to prove that what was therein stated was true, but for the purpose of discrediting the witness. Kessler was supervisor of the defendant company, charged with the duty of seeing that the track was safe for all trains. While the demurrer to the allegations of the petition, that defendant "was negligent in having a freight-car loaded with meat made up in" the train "and placed next to the engine" was sustained, the allegations that the defendant was negligent "in pulling said heavily laden freight-car, so loaded with meat, in its passenger-train at such rapid rate" of speed of 30 to 40 miles per hour, were not stricken. There was evidence that the train at the time of the derailment was running at a speed of about 40 miles an hour. The freight-car, which was loaded with meat and was in front of the passenger-coaches and next to the engine, was derailed, and was at the scene of the wreck when the witness Kessler appeared thereat five or ten minutes after it occurred. He evidently saw the derailed freight-car. The allegation of negligence above referred to was not simply that the train was being run at too rapid rate of speed, but that it was run at such rate of speed with the "heavily laden freight-car, so loaded with meat, in its passenger-train." The running of the train at such speed might not have been negligent but for the fact that the heavily loaded freight-car was "in its passenger-train." The witness Kessler testified to the effect that he inspected the track at the scene of the accident

soon after its occurrence, and that it was all right in every way. He also testified: "I could not discover any cause for the wreck whatever. . . As to what caused that wreck in my opinion, I couldn't see any cause for it whatever. I made a close examination, and I couldn't discover any cause at all." In view of the testimony delivered by the witness Kessler, the testimony regarding his previous statements—at least his statement that the heavily loaded car-box caused the wreck—was admissible for the purpose of discrediting his testimony delivered on the trial in behalf of the defendant, and the court committed no error in allowing the same.

4. The evidence was sufficient to warrant the verdict. The jury awarded $750, and the amount of the recovery was not excessive.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Evans, P. J., disqualified.*