### 5534. HINSMAN v. THE STATE.

1. Improper argument of counsel to which the attention of the presiding judge was not called at the trial is not cause for a new trial.
2. Exceptions not relied on in the brief or argument of counsel will be treated as abandoned.
3. The question, "You know anything about making up any money to buy whisky?" was not objectionable as leading.

4. Evidence that after the trial a witness for the State made a declaration under oath that his testimony at the trial was false does not require a new trial.

DECIDED APRIL 18, 1914.

Accusation of misdemeanor; from city court of Carrollton—Judge Beall. January 26, 1914.

*Boykin & Boykin,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

ROAN, J. 1. Byron Hinsman was convicted of the offense of selling intoxicating liquor, and he excepts to the refusal of a new trial. The usual general grounds of the motion for a new trial are followed by this ground: "Because in the argument of the solicitor before the jury he used the following language: 'These blind tigers are running around over the country, sending souls to hell, having no respect for your homes, and you ought to stop that kind of stuff. The good people of Roopville are all talking about it, and they are trying to put down these blind tigers, and I ask you to help me convict them.' The above argument is assigned as error, and the court should have declared a mistrial in this case." Undoubtedly this argument of the solicitor was reprehensible and highly improper (*Manning* v. *State,* 13 *Ga. App.* 709, 79 S. E. 906), and if the judge had heard it or if a motion had been made asking interference on his part, he should have declared a mistrial, or else should have admonished the jury that the language was improper and that they should disregard it and not give any weight to it in their deliberations (Civil Code, § 4957); but it appears, from the certificate of the judge, that his attention was not called to it. This being true, this assignment of error is without merit. See *Satterfield* v. *Ayers,* 10 *Ga. App.* 742 (73 S. E. 1091).

2. The 5th and 6th grounds of the motion for a new trial were not relied on in the brief or argument of counsel for the plaintiff in error in this court, and therefore will be treated as abandoned.

3. The 7th ground of the motion for a new trial is as follows: "Because the following material evidence was admitted illegally to the jury by the court, over the objection of counsel for movant, to wit: The solicitor asked the following question: 'You know anything about making up any money to buy whisky?' This was objected to as being leading; the court made no ruling whatever on it, and the same is assigned as error." Even if the court had ruled against the movant's objection, it would not have been

error, as the question objected to as leading does not seem to have been a leading one. There is nothing to indicate what answer the interrogator desired, or to lead the witness to answer the question in any particular way. To lead a witness up to a subject-matter one may desire him to testify about is quite a different thing from leading him to answer in a particular manner concerning the subject. The solicitor simply led this witness to the subject, when he asked the question above quoted. The witness could have answered "Yes" or "No," as the truth was, without testifying to anything involving the defendant in any way in making up the money or purchasing whisky. If the question had been, "Do you know anything about the defendant's making up any money to buy this whisky?" it perhaps would have been leading, but the question objected to as leading we do not regard as subject to that objection.

4. The 8th ground of the motion for a new trial is as follows: "Because, since the rendition of said verdict, certain material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, has been discovered by the movant, said evidence being in substance as follows: That he, Bud Driver (Bud Driver being a material witness and the only witness for the State), stated immediately after the trial that he had never bought any whisky in this case, that he swore this because he wanted to get revenge, as he, the said Hinsman, swore damned lies on him at the October term of the superior court of Carroll county. Bud Driver stated that he had never gotten any whisky out of the mail-box of Hinsman, that he had never bought any whisky from the said Hinsman; that the sole reason for his swearing this at the trial was to get revenge. This evidence is more fully set out in affidavits . . hereto attached," etc. This ground is without merit, for the reason that a declaration of a State's witness after a trial that his testimony on the trial was false is not sufficient to demand a new trial, even if his statement after trial is under oath. *Clark* v. *State,* 117 *Ga.* 254 (43 S. E. 853); *Felton* v. *State,* 56 *Ga.* 85; *Jordan* v. *State,* 124 *Ga.* 417 (52 S. E. 768); *O'Kelley* v. *Felker,* 71 *Ga.* 775; *Lasseter* v. *Simpson,* 78 *Ga.* 61 (3 S. E. 243); *Munro* v. *Moody,* 78 *Ga.* 127 (2 S. E. 688); *Davis* v. *Bagley,* 99 *Ga.* 142 (25 S. E. 20); Civil Code, § 5961.

The usual statutory grounds which complain that the verdict is

contrary to evidence and without evidence to support it, etc., are without merit. The evidence authorized the verdict, and, no error of law having been committed, the judgment is *Affirmed.*