6053. LENOX DRUG CO. *v.* NEW ENGLAND JEWELRY CO.

BROYLES, J. 1. While the construction of a written contract is a duty for the court to perform, a new trial will not be granted where the court submits the contract to the jury and it is properly construed by them. *Main* v. *Simmons,* 2 *Ga. App.* 821 (59 S. E. 85). In this case we think the jury properly construed the contract.

2. The defendant, having pleaded an express warranty, will not be heard to complain that the court charged upon this subject.

3. The other instruction complained of, when considered in connection with the entire charge and the evidence in the case, contains no error.

4. The 4th ground of the amendment to the motion for a new trial, complaining that the court failed to give certain instructions, is without merit, as the trial judge certifies that no written request therefor was submitted to him.

5. The remarks of counsel for the plaintiff in his argument to the jury, to which exception is taken, were improper, not warranted by the evidence, and perhaps prejudicial to the defendant, but counsel for the defendant did not then and there invoke a ruling thereon. He should either have made a motion for a mistrial or have requested the court to charge the jury that they should disregard the argument. He did neither the one nor the other, and, by failing to do so, waived his right, and could not make the improper argument a ground of his motion for a new trial. *Satterfield* v. *Ayers*, 10 *Ga. App.* 742 (73 S. E. 1091); *Georgia Railway &c. Co.* v. *Dougherty*, 4 *Ga. App.* 614 (62 S. E. 158).

6. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED JUNE 25, 1915.

Complaint; from city court of Nashville—Judge Christian. October 12, 1914.

*William Story,* for plaintiff in error.
*Hendricks & Hendricks,* contra.