### 6145.  WARE *v.* LAMAR *et al.*

1. Where a petition to the city court of Atlanta prayed for process requiring the defendant to be and appear at the "next term" of that court, and the original process required him to be and appear at the city court of Atlanta "to be held in and for said county on the first Monday in July, 1914," but by mistake the copy-process required the defendant to appear at the city court of Atlanta to be held in and for said county on the first Monday in May, 1914, and it appeared that the original suit was filed on May 7, 1914, and the original process was issued on that day, and that the copy-process, dated May 7, 1914, was served on the defendant on May 8, 1914, and that the next term of the city court of Atlanta convened on the first Monday in July, 1914, *held,* that the service of the petition and the copy-process was sufficient to put the defendant on notice of the case; and his traverse to the officer's return of service was properly overruled.

2-6. The petition was not subject to general demurrer, and there was no merit in the special grounds of demurrer.

DECIDED JULY 2, 1915.

Action for damages; from city court of Atlanta—Judge H. M. Reid. October 31, 1914.

*Moore & Pomeroy,* for plaintiff in error.
*Walter A. Sims, Daley, Chambers & Daley,* contra.

WADE, J.   Cato Lamar brought suit against J. W. Ware for damages for injuries to his person, which he alleged resulted from a collision with an automobile belonging to the defendant and driven by his servant and employee at a high and negligent rate of speed, greater than six miles per hour, at the intersection of two public highways.   The petition was filed in the office of the clerk of the city court of Atlanta on May 7, 1914, and the original process attached thereto and issued by the clerk on the same day required the defendant to be and appear at the city court of Atlanta, "to be held in and for said county on the first Monday in July, 1914."   In the petition the plaintiff "prays that process issue requiring the defendant to be and appear at the next term" of said city court of Atlanta to answer his complaint.   The entry of the

deputy sheriff showed that the defendant was served personally with a copy of the original petition and process on May 8, 1914. The only process served upon the defendant required him to be and appear on the first Monday in May, 1914, and was dated May 7, 1914. The defendant filed a traverse to the return of the deputy sheriff on May 22, 1914, and the sheriff and the deputy sheriff were made parties thereto and duly acknowledged service of the traverse and of the order making them parties. By consent of counsel the issues of fact raised upon the traverse were submitted to the judge for trial without the intervention of a jury, on October 31, 1914, and after hearing evidence the court rendered the following judgment: "The original process is correct, and, defendant having appeared and filed demurrer and plea, this traverse is overruled." To this judgment the defendant excepted. Thereafter on the same day the court considered a demurrer to the plaintiff's petition, both general and special, and overruled each of the grounds of the demurrer; and to this ruling the defendant excepted.

1. Section 5572 of the Civil Code declares that "No technical or formal objections shall invalidate any petition or process; but if the same substantially conforms to the requisitions of this code, and the defendant has had notice of the pendency of the cause, all other objections shall be disregarded: provided, there is a legal cause of action set forth as required by this code." In the case of *Neal-Millard Co.* v. *Owens,* 115 *Ga.* 959 (42 S. E. 266), relied upon by the plaintiff in error, the original process annexed to the petition stated the case as "Neal-Millard Company *v.* Hampton J. Herb and Ed. L. Prince," and in the body of the process "the defendants, Hampton J. Herb and Ed. L. Prince," were required to appear at the next term of court to answer the petition. The suit was actually proceeding in favor of the Neal-Millard Company against Hampton J. Herb and Mrs. Owens, and Mrs. Owens was served personally with a copy of the petition and process, which copy-process, like the original, required Hampton J. Herb and Ed. L. Prince to be and appear at the term of the court therein named. The court held that the process served on Mrs. Owens was, so far as she was concerned, no process at all, as "it did not contain any demand upon her to do anything." As was said further in the same case, the defect was in the original process, and not in the copy. In *Richmond & Danville Railroad Co.* v. *Benson,* 86 *Ga.*

36

203 (12 S. E. 357, 22 Am. St.' R. 446), it was held that where the declaration prayed for process requiring the defendant to appear at the August term of the court, that being the next regular term, and the process attached by the clerk commanded the defendant to appear at the next term to be held "on the first Monday in July," and the defendant appeared by counsel at the August term and moved to dismiss the case because the process was void, the court, having jurisdiction of the case, could allow the process to be amended; and furthermore, that since the defendant was chargeable with knowledge of the law which fixed the time for holding the next regular term of the court in August, he must have known that the date stated in the process was a clerical error, and, knowing that, it was his duty to disregard the date named in the process. See also *Neal-Millard Co.* v. *Owens,* supra.

In the case under consideration the plaintiff prayed in his petition that process issue requiring the defendant to be and appear at the next term of the city court of Atlanta. The original process attached to the petition made the case returnable to the July term of the city court, but the copy served upon the defendant on May 8, 1914, which was dated May 7, 1914, required the defendant to appear on the first Monday in May, 1914. The calendar for the year 1914 discloses that the first Monday in May was the fourth day of that month; it must be presumed that the defendant was acquainted with that fact; and when the process dated May 7, 1914, was served upon him on the following day he was necessarily thereby apprized of the fact that the process had been issued after the first Monday in May, and that it required him to do an impossible thing, to wit, to appear in the city court of Atlanta on a day already numbered with the past before the original suit had been filed. The law provides for six terms annually of the city court of Atlanta, to be held on the first Mondays in January, March, May, July, September, and November of each year (Acts 1892, p. 219); and since the first Monday in May was already gone before the suit was even filed or the defendant served with process annexed thereto, requiring him to appear on the first Monday in May, he must necessarily have known that the process referred to the next term to be thereafter held, and, this term being fixed by law for the first Monday in July, he was apprized of the fact that the case was returnable to the said July term, notwithstanding the clerical error

in the process. In addition to this the petition itself contained, as already said, a prayer for process requiring the defendant "to be and appear at the next term of this court to answer this complaint," which term he knew as a matter of law would be held on the first Monday in July, 1914.

In *Richmond & Danville Railroad Co.* v. *Benson,* supra, the process attached to the declaration commanded the defendant "to be and appear at the city court of Richmond county next to be holden in and for the county aforesaid, on the first Monday in July, 1889," and was dated July 16, 1889, and signed by the clerk of the city court. The regular term of that court was the first Monday in August, and the defendant appeared by counsel at the regular term and moved to dismiss the case because the process was void. This motion was overruled and the Supreme Court held that the court could allow the process to be amended, as it was not void. It will be noted that in that case the original process itself required amendment. In *Covington* v. *Cothrans, 35 Ga.* 156, it was said: "The defendant was not ignorant of the court to which the process was returned, for he appeared at the proper term and objected to the proceedings, because a single word 'inferior' had been used by the mistake of a ministerial officer for the word 'county.' The time for such trifling is past." In *Williams* v. *Buchanan, 75 Ga.* 789, the original process required the defendant to appear "on the second Monday in April next," but by mistake the copy-process required him to appear "on the second Monday in December next." The process was dated December 28, 1883. The following April was the time of the regular term, and no term of the court was to meet in December. It was held that service of this declaration and copy-process was sufficient to put the defendant on notice of the case. The original process was in that case correct, and there was no effort to amend the copy-process served upon the defendant. In the decision Chief Justice Jackson said: "The defendant is notified by the prayer for process in the copy-declaration served upon him 'to be and appear at the next superior court of said county,' and the law notified him that the next superior court would be held on the second Monday in April; and therefore when he looked at the copy-process, which the clerk annexed to the copy-declaration, he must have known that it was a clerical mistake of the clerk to require him to be and appear on the second Monday in Decem-

ber next. . . The traverse of the sheriff's return is not considered, because, conceding that the copy-process was erroneous, it made no difference in the law of the case. The copy-declaration was right, and that with the term of court fixed by law gave notice of suit, in what court, and when to be answered." That case appears to be exactly in point and to cover the facts under consideration in the present case. So far as is shown by the record, the copy-petition served upon the defendant in this case was right, and the plaintiff prayed therein for process requiring the defendant to appear at the "next term" of the city court of Atlanta; the terms of the city court of Atlanta are fixed by law, and therefore the defendant had notice of the court when the suit was to be answered; especially in view of the fact that the first Monday in May, on which the copy-process erroneously required him to be and appear at the said court, had passed before the petition was filed. If the defendant, when served with the faulty process, which apprized him that in the city court of Atlanta there was a suit against him which he was required to answer at the next ensuing regular term thereof, had gone to the office of the clerk of that court and inspected the original process, he would have had confirmation of the information imparted to him by the copy-petition and the copy-process, taken together, and would have learned that the case was returnable to the July term, 1914. It is evident that he must have understood that he was required to answer at the July term, else he would not have filed his demurrer and plea at that term, as he did. No amendment of the process served upon him would have benefited him, since he duly appeared and filed his plea and demurrer, thus evidencing that the defective process sufficiently advised him where and when the suit was pending.

We do not understand that the learned trial judge, in his order stating that "the original process is correct, and, defendant having appeared and filed demurrer and plea, this traverse is overruled," meant to hold that the appearance and pleading in writing by the defendant amounted to a waiver of service, where want of service was pleaded at the same time (*Western & Atlantic R. Co.* v. *Pitts*, 79 *Ga.* 532 (4 S. E. 921) ; *Cox* v. *Potts*, 67 *Ga.* 521) ; for matters in abatement and in bar may even be mixed in the same case, and one defense alone will not defeat another. We understand the order to mean rather, that, since the original process was correct

and the defendant had appeared and filed a demurrer and plea, and it was evident that the petition and process actually served upon him had sufficiently apprized him of the term of the court at which he was expected to enter such appearance, the copy-process, taken in connection with the petition, had accomplished the purpose for which it was intended, and there was no meritorious reason why the traverse should be sustained.

2. The petition set out enough to withstand a general demurrer. It alleged that by reason of the negligent driving of the defendant's automobile by his agent and employee in charge of the machine, the plaintiff was struck and thrown from a bicycle at the intersection of two public highways, and thereby received injuries described; that the defendant was negligent in that the machine was being driven at a "high and negligent" rate of speed at a public-highway crossing, where one street which was a public highway crossed or intersected another street which was a public highway; that the machine was being driven at the public-highway crossing at a greater rate of speed than six miles per hour, in violation of the act of 1910 (Acts 1910, p. 90, sec. 5); that he was negligent in that the automobile approached the said crossing without any warning, and without any horn being blown or bell rung, and that the automobile struck the plaintiff without any warning of its approach; that the automobile was being driven at a "high and reckless rate of speed," and the chauffeur in charge of the automobile was negligent in that he was not on the lookout for people in the street, although the street was much traveled and congested at the time. The petition set out the age and earning capacity of the plaintiff, and alleged that his capacity to labor and earn money had been diminished at least one third by reason of his injuries, and also alleged that he was in the exercise of all care and diligence at the time he was injured. We think the petition set forth a cause of action, and there were sufficient allegations of negligence.

3. The defendant demurred specially to the allegation in paragraph 5 of the petition, that West Hunter street was a public highway, and that South Broad street, which intersected West Hunter street, was likewise a public highway, and insisted that this allegation was "immaterial and irrelevant and set forth an erroneous conception of the law." The act of 1910 (Acts 1910, p. 90) regulates the running of automobiles and conveyances of like char-

acter propelled by steam, gas, gasoline, electricity, or any power other than muscular power, "upon or along any public road, street, alley, highway, avenue, turnpike, or any private road or way generally used by the public of this State," etc. (See section 1.) In section 5 of that act it is provided that no person shall operate a machine "on any of the highways of this State as described in this act . . so as to endanger the life or limb of any person or the safety of any property, and upon approaching a bridge, dam, high embankment, sharp curve, descent or crossing of intersecting highways and railroad crossings, the person operating a machine shall have it under control and operate it at a speed not greater than six miles per hour." The "highways of this State as described in this act" include all public roads, streets, alleys, etc.; and since the petition in this case distinctly alleges that Broad street crosses Hunter street, it is obvious that the provisions of section 5, limiting the speed of an automobile at a "crossing of intersecting highways," would apply to the crossing of intersecting streets, as a street is, by the terms of the act, included as one of the "highways" of this State. We think, therefore, that the judge properly overruled the special demurrer directed to that part of the petition which recited that West Hunter street was a public highway, and South Broad street, which intersected it, was likewise a public highway.

4. The objection, raised by the special demurrer, that the allegations in the last two lines of paragraph 11 of the petition were "immaterial and irrelevant, and too general, vague, and indefinite to constitute proper allegations," is without merit. The lines objected to are as follows: "And that his said injuries are the direct result of negligence and carelessness upon the part of the defendant, his agent and employee in charge of said automobile." It is true, the allegations herein contained may be vague and indefinite, but they obviously relate to the more precise allegations of negligence made elsewhere in the petition; and of course the plaintiff, in any recovery, would be limited to such negligence only as is specifically set forth in the petition. We construe these general terms to mean simply that the injuries complained of were the direct result of *that particular* negligence on the part of the defendant and his agent which is set forth specifically in the petition, and to proof of which the plaintiff would of course be confined.

5. The defendant demurs to the 14th paragraph of the peti-

tion, on the ground that it is "illegal, immaterial, and irrelevant." This paragraph alleges that, because of the plaintiff's being disfigured as alleged in the petition, he would suffer "mortification," in addition to the pain and suffering and in addition to the impairment of his earning capacity. We can not see that this allegation is subject to the objection made.

6. An amendment to the petition was allowed by the court, subject to demurrer, and a demurrer to the amendment was overruled. In the brief for the plaintiff in error it is insisted that this was error, but nowhere in the bill of exceptions is there any assignment of error because of the allowance of this amendment or because of the overruling of the demurrer thereto. In the bill of exceptions it is recited that "a demurrer filed to plaintiff's petition, containing both general and special grounds," was heard by the court and overruled on each and all of the grounds thereof; "to which ruling and judgment of the court defendant . . then and there excepted, and now excepts and assigns the same as error, and says that the court erred as a matter of law in overruling each and every one of his grounds of demurrer as set forth and contained therein; that the court should have sustained said demurrer and dismissed the petition." This exception does not include the rulings of the court in allowing the amendment and in overruling the demurrer thereto, but includes only the overruling of the demurrer, general and special, to the original petition. So we can not enter into the question as to the allowance of the amendment.

*Judgment affirmed.*