### 7453.   WARE *v.* LAMAR.

WADE, C. J.   1. There was evidence to support a finding in behalf of the plaintiff, and the verdict for $2,000 for the loss of an eye was not excessive.

2. The grounds of the motion for a new trial relating to newly discovered evidence of certain witnesses are without merit. So far as appears there was no attempt to comply with the requirement of the statute, that "If newly discovered evidence [urged as a ground for a new trial] is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Civil Code, § 6086. *Barnum & Bailey Shows* v. *Himmelweit,* 17 *Ga. App.* 85 (86 S. E. 96); *Griggs* v. *State,* 17 *Ga. App.* 301 (15), 305 (86 S. E. 726); *Beatty* v. *State,* 16 *Ga. App.* 571 (85 S. E. 766); *Phillips* v. *State,* 138 *Ga.* 815 (76 S. E. 352); *Grant* v. *State,* 97 *Ga.* 789, 791 (25 S. E. 399); *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243); *Moreland* v. *State,* 134 *Ga.* 268 (67 S. E. 804); *White* v. *State,* 7 *Ga. App.* 20 (65 S. E. 1073); *Williams* v. *State,* 9 *Ga. App.* 818 (72 S. E. 301).

3. The ground of the motion for a new trial alleging that counsel for the plaintiff in the court below made an erroneous statement in his argument to the jury, which was calculated to prejudice and damage the movant, can not be considered by this court, it not appearing that any objection to the statement complained of was urged at the time the statement was made, or that the court was then requested to rebuke counsel or to grant a mistrial. *Improper argument is no ground for a*

43

new trial where there was no motion for a mistrial, and no request that the jury be instructed to disregard the improper remarks. *Lenox Drug Co.* v. *New England Jewelry Co.,* 16 *Ga. App.* 476 (5), 477 (85 S. E. 681); *Satterfield* v. *Ayers,* 10 *Ga. App.* 742 (73 S. E. 1091); *Georgia Railway &c. Co.* v. *Dougherty,* 4 *Ga. App.* 614 (62 S. E. 158); *Hinsman* v. *State,* 14 *Ga. App.* 481 (81 S. E. 367).

4. There was no error in admitting the evidence of Dixon as to the present apparent difference between the right and left sides of the plaintiff's face, in view of further testimony from the witness that he knew the plaintiff before the injury and that both sides of his face were then uniform.

5. There is no such substantial merit in the 7th, 8th, 9th, and 10th grounds of the motion, complaining of the admission and exclusion of certain testimony, as to require the grant of a new trial.

6. The court did not err in charging the jury as follows: "If the defendant's chauffeur was driving the automobile at a rate of speed exceeding six miles per hour approaching or as it reached Nelson street, that would, by virtue of the law, itself constitute negligence." "So, as stated to you, if this chauffeur was driving the automobile, as it approached Nelson street, at a greater rate of speed than six miles an hour, that would, by virtue of the law itself, constitute negligence." The charge of the court was in exact accord with the ruling of this court in this case when the case was formerly here on exceptions to the overruling of a demurrer to the plaintiff's petition (*Ware* v. *Lamar,* 16 *Ga. App.* 560, 565, 566, 85 S. E. 824), which ruling is the law of the case, binding and conclusive upon this court as well as upon the trial court. *Southern Bell Tel. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136).

7. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

Decided October 18, 1916.

Action for damages; from city court of Atlanta—Judge Reid. April 13, 1916.

*Moore & Pomeroy,* for plaintiff in error. *Walter A. Sims,* contra.