### 8169. MOYE *v.* REDDICK.

1. A cause of action was set forth by the allegations as to the injury inflicted by the defendant's automobile. There is not such merit in the
grounds of the special demurrer to the petition as to require a reversal
on account of the overruling of the demurrer.

2. The instructions to the jury as to the presumption against a party
failing to produce evidence in his power or within his reach (Civil Code
of 1910, § 5749) were authorized by the facts.

3. Where it appeared that the plaintiff was struck by the defendant's automobile on the street of a city, just after the automobile had passed
the intersection of that street with another street, and near, though
not on, the crossing, and there was evidence that the automobile was
moving at a high rate of speed, and on approaching the intersection of
the streets was being operated at a speed greater than six miles an
hour, it was not error for the court to give in charge to the jury the
provision of the act of 1910 regulating the speed of automobiles and
providing that on approaching a "crossing of intersecting highways"
the person operating the machine "shall have it under control and
operate it at a speed not greater than six miles per hour." The jury
were further instructed to the effect that non-compliance with the requirements of the statute "could not be counted against" the defendant unless it contributed to the injury in question.

4. The evidence authorized the verdict.

DECIDED JULY 26, 1917.

Action for damages; from Randolph superior court—Judge Worrill. September 1, 1916.

The action was by Mary Reddick, a minor, by her next friend, against Mrs. A. C. Moye. The petition, as amended, alleges, that the defendant has damaged the plaintiff in the sum of $5,000, by

reason of the following facts: On November 2, 1912, plaintiff was on the streets of the City of Cuthbert, Georgia, where she had the right to be, and was run over by an automobile owned by the defendant, who was riding in it and controlling it at the time. The automobile was operated by Sam Humphreys, chauffeur for the defendant, under her direction and control, and he was driving the car at a speed more than fifteen miles an hour, in a rapid and reckless manner and without slowing the speed. There was a county fair in Cuthbert at the time, and large crowds had assembled on the streets, and it was difficult for foot-passengers to escape from automobiles; all of which the defendant could and did see and know. Pine street is a narrow street, and its sidewalks are not clearly marked and defined, and at the time the defendant's automobile struck plaintiff a buggy with a horse hitched to it was on the sidewalk on the north side of the street; the approach of the automobile had frightened the horse to some extent, or it was attempting to move, or was moving, for some reason; plaintiff was on the south side of the buggy, the automobile was coming from the east, and there was not sufficient space between the buggy and the street, where the automobile was, for plaintiff to stand. She could not run east, on account of the automobile coming rapidly from that direction, nor west, for the same reason, and her only method for escape was to attempt to run to the southern sidewalk. There were several persons about the buggy, forcing her further into the street. Being an immature child, she was fearful of the horse and of the automobile. Defendant could see her size and her danger, and could have stopped the automobile, but did not do so, or her chauffeur could have done so, but did not do so. The City of Cuthbert has erected on Pine street, nearly in front of the court-house and within a few feet of where plaintiff was struck by the automobile, a sign which defendant saw, or could have seen, and which said: "Fire limits. Automobile speed ten miles an hour." The driver of the automobile was careless, reckless, and totally disregarded the rights of pedestrians, and ran the car along the street without properly checking its speed and without properly sounding the alarm. Defendant was negligent in that her driver, at the time the injury to plaintiff, was operating the automobile in violation of law, in that it was approaching a crossing of intersecting highways, to wit, Pine street, on which plaintiff

was injured at a point about 35 yards west of said crossing, and a street immediately west of the court-house in Cuthbert, at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of the highway, and in such manner as to endanger the life or limb of persons on the highway, and at a greater rate of speed than six miles an hour, all in violation of the law of this State. Plaintiff was only seven years of age, and was unable to escape from the automobile when she discovered that it was about to run her down. After striking her it ran some eighteen or twenty feet before it stopped. It knocked her down, broke her left leg, and inflicted other injuries described. The driver was criminally negligent and ran over her without making any effort to protect her. It is alleged that the defendant's conduct was wanton and exhibited a total disregard of the rights of the public and of the plaintiff, and was such as to entitle plaintiff to punitive damages.

The trial of the case resulted in a verdict against the defendant. The bill of exceptions assigns error on the overruling of a general and special demurrer to the petition, and on the refusal to grant a new trial. The grounds of the motion for a new trial, besides the general grounds, that the verdict was contrary to the evidence, etc., were, that the court erred in giving in charge to the jury the provisions of the code and of the act of 1910, supra, and in charging them that "it is negligence, as a matter of law, to approach with an automobile a crossing of intersecting streets at a greater rate of speed than six miles an hour."

*Yeomans & Wilkinson, R. L. Moye, J. W. Harris,* for plaintiff in error, cited: *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220; *Davis* v. *Central R. Co.,* 75 *Ga.* 645; *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 370 (4, 6); *Macon & B. Ry. Co.* v. *Parker,* 127 *Ga.* 471; *Southern Ry. Co.* v. *Pope,* 129 *Ga.* 842 (2); *Atlantic Coast Line R. Co.* v. *Adams,* 7 *Ga. App.* 146 (1); *Ga. R. Co.* v. *Clary,* 103 *Ga.* 640; *Central Ry. Co.* v. *Neidlinger,* 110 *Ga.* 329; *Willingham* v. *Macon &c. Ry. Co.,* 113 *Ga.* 377.

*M. C. Edwards, Pottle & Hofmayer,* contra, cited Act of 1910, supra (Park's Ann. Code, § 828 (e)).

WADE, C. J. 1. The court did not err in overruling the general demurrer to the plaintiff's petition; and there is not such merit in the grounds of the special demurrer as to require a reversal, in

the interest of justice, because of any harm to the defendant on account of the alleged defects pointed out thereby.

2. There is no merit in the ground of the motion for a new trial that the court erred in charging section 5749 of the Civil Code of 1910, relating to the presumption arising where one who has evidence in his power and within his reach, to repel a charge or claim against him, fails to produce it. The defendant herself witnessed the happening, but did not testify at the trial, nor did her chauffeur, who admittedly was in charge of the car under her direction, and who was present at the trial, and must have been in a position to know better than any other person exactly what was done by him to prevent the occurrence, and to know the rate of speed at which the car was moving, and the proximate cause of the injury to the plaintiff.

3. The provision in the act of 1910 (Acts of 1910, p. 90, Park's Ann. Code, § 828 e), that any person operating an automobile on any of the highways of this State shall, "upon approaching a bridge, dam, high embankment, sharp curve, descent or *crossing of intersecting highways* [italics ours] and railroad crossings," so operate the same as that he may "have it under control and operate it at a speed not greater than six miles per hour," is applicable to the public streets of a municipality. "The 'highways of this State as described in this act' include all public roads, streets, alleys, etc.; and . . the provisions of section 5, limiting the speed of an automobile at a 'crossing of intersecting highways,' would apply to the crossing of intersecting streets, as a street is, by the terms of the act, included as one of the 'highways' of this State." *Ware v. Lamar,* 16 *Ga. App.* 560, 566 (85 S. E. 824), s. c. 18 *Ga. App.* 673 (90 S. E. 364).

The court did not err in giving in charge to the jury the provision of the act of 1910 referred to above, as there was some evidence that the defendant's automobile, when approaching the intersection of another street with the street on which it was being operated, was moving at a high rate of speed, greater than 6 miles per hour, and it appeared, from the testimony, that the automobile struck the plaintiff in the street not far beyond the intersection of these streets; and it was a question for the jury to determine whether the injury resulted from the negligence of the defendant in approaching the crossing at a rate of speed prohibited by law,

notwithstanding the place at which the plaintiff was injured was not exactly at the crossing. The plaintiff was not a trespasser, and the various decisions of the Supreme Court and of this court relating to injuries inflicted upon persons trespassing upon a railroad-track not at but near a crossing are not strictly applicable.

Besides, the court instructed the jury as follows: "Although you may believe, from the evidence in this case, that Mrs. A. C. Moye crossed the intersecting streets at the time and place mentioned in plaintiff's petition, though you may believe from the evidence she was traveling at a rate of speed higher than six miles per hour, yet unless the injury complained of, if any, resulted from the fact that she was going at a greater rate of speed than six miles per hour, or unless you believe that her failure to check the speed of the car down to a rate of six miles per hour, unless such failure to check the speed, if the car was going at a higher rate of speed than six miles per hour, in some way contributed to the injury, then that failure could not be counted against her. If the car in which she was traveling was going at a higher rate of speed than six miles per hour at the time of crossing the street, if that caused the injury or in any way contributed to the injury, then she would be responsible."

4. There is no merit in the general grounds of the motion for a new trial, and the court did not err in overruling the motion.

*Judgment affirmed. George and Luke, JJ., concur.*