### 9435. CORBIN v. McCRARY.

WADE, C. J. 1. The plaintiff in error in this case can not withdraw the writ of error, over the objection of his counsel, it appearing that the litigation is such that, if successful, it would result in a recovery of property on which his counsel would have a lien for fees earned in the case. *Walker* v. *Equitable Mortgage Co.*, 114 *Ga.* 862 (40 S. E. 1010); *Kimbrough* v. *Pitts*, 63 *Ga.* 496 (2). The motion by the defendant in error to dismiss the writ of error upon the written consent and request

of the plaintiff in error, but over the objection of his counsel, is therefore denied.

2. In the defendant's motion for a new trial certain statements made by opposing counsel in his argument to the jury are complained of as being unauthorized by the evidence and prejudicial in their nature; and in this ground it is recited that "defendant's counsel then and there objected to this argument as being unjust, prejudicial, and without evidence to support it; when the court replied, 'Don't go out of the record; the jury remembers what was proven.'" It does not appear that counsel then moved for a mistrial or requested the court to instruct the jury to disregard the argument objected to; and by failing to make such a motion or such a request he waived the right to assign error thereon. "Improper argument is no ground for a new trial where there was no motion for a mistrial, and no request that the jury be instructed to disregard the improper remarks." *Ware* v. *Lamar*, 18 *Ga. App.* 673 (3) (90 S. E. 364), and cases there cited.

3. The expressions complained of as conveying an intimation of opinion by the court as to what had been proved were, when considered with their context, clearly intended as a mere statement of the contentions of the plaintiff, and must have been so understood by the jury.

4. The instructions complained of in grounds 4 and 5 contained correct abstract statements of the law, and in the absence of the entire charge (which is not specified in the bill of exceptions or brought up in the record, and which does not affirmatively appear to have been reduced to writing and to be therefore available to this court), it must be assumed by this court that these instructions, when considered in connection with the remainder of the charge, were applicable to the case.

5. In the motion for a new trial it is contended that the case was not passed upon by a fair and impartial jury; for the reason that the jury, in deliberating upon the case and in arriving at their verdict, took into consideration the unauthorized statements of counsel for the defendant, referred to above; and it is sought to sustain this ground of the motion by affidavits from certain persons to the effect that after the trial several members of the jury asserted that their verdict in favor of the defendant was rendered because of statements of his counsel, which the motion alleges were unsupported by evidence. This ground is without merit. "The affidavits of jurors may be taken to sustain, but not to impeach their verdict" (Civil Code, § 5933); and if a verdict may not be impeached by an affidavit of one or more of the jurors who found it, certainly it can not be impeached by affidavits from third persons, establishing the utterance by a juror of remarks tending to impeach his verdict. The affidavit of a party that some of the jurors told him the verdict was caused by a mistake furnishes no cause to set it aside. *Smith* v. *Banks*, 65 *Ga.* 26 (2). Declarations of a juror made after the trial are not ordinarily admissible. *Wade* v. *State*, 12 *Ga.* 25, 28. "Nothing coming from a juror, either directly or indirectly, in the way of a narrative with respect to the manner in which a verdict was arrived at, will be heard to impeach the same." *Southern Railway Co.*

v. *Sommer*, 112 *Ga.* 512 (37 S. E. 735). See also *May* v. *Atlanta*, 9 *Ga. App.* 391 (2); *Turner* v. *State*, 20 *Ga. App.* 165, 167 (5). "Jurors can not impeach their verdict, and affidavits by members of the jury or of counsel, as to their sayings after dispersing, can not be received for that purpose." *Nelling* v. *Industrial Manufacturing Co.*, 78 *Ga.* 260.

6. There was evidence to support the verdict, and the trial judge did not err in overruling the motion for a new trial.

                   *Judgment affirmed. Jenkins and Luke, JJ., concur.*

          DECIDED JULY 10, 1918. REHEARING DENIED JULY 30, 1918.

Eviction; from Taylor superior court—Judge Howard. August 24, 1917.

   *C. W. Foy,* for plaintiff in error.   *Jule Fellon,* contra.