## 12825.  SOUTHERN RAILWAY COMPANY *v.* RAY.

JENKINS, P. J.  1.  The admission of alleged irrelevant and immaterial testimony, to the effect that an engineer of long experience could start or stop a train better and more carefully than an engineer of shorter experience, could not have prejudiced the defendant, even if such evidence be taken as improperly admitted, since the answer of the witness, "It looks to reason that they should, but it is not in every case that they do," was of such non-committal character as could not have affected the result of the case.

2. "It is the duty of the trial judge, without any written request, to state to the jury with sufficient fullness, and fairly to each side, the material contentions of the parties, and in doing so no essential contention of either party should be omitted." *Florence* v. *Byrd*, ante, 695.  But where a defendant has entered merely a general denial of the allegations of the petition, it is not required that the judge, in stating the substance of the pleadings, shall further elaborate

the specific contentions with reference to the evidence, if elsewhere in the charge the jury are fairly instructed as to the questions upon which they are to pass, and if there has been no proper written request for such a specific charge. *Rountree v. Neely*, 147 *Ga.* 435 (94 S. E. 542) ; *Mays* v. *Wilson*, 141 *Ga.* 523 (2) (81 S. E. 440) ; *Wilensky* v. *State*, 15 *Ga. App.* 360 (2) (83 S. E. 276) ; *Weldon* v. *State*, 21 *Ga. App.* 330 (1 [*a*, *b*]) (94 S. E. 326) ; *Cowan* v. *Bank of Baconton*, 21 *Ga. App.* 645 (2), 646 (94 S. E. 808). It is complained that the court unduly emphasized the plaintiff's contentions by reading in full the allegations of the petition, and merely stating thereafter the effect of the defendant's plea briefly denying certain paragraphs and admitting other paragraphs. While the court should have stated more explicitly just which allegations were thus intended to be admitted and which denied, this part of the charge could not have misled the jury to the prejudice of the defendant, since, in the same connection and immediately following it, the judge said: "I have called your attention to the substance of the plaintiff's petition and also to the plea of the defendant. To get the allegations in more specific detail, you may read the pleadings, as you will have them out with you for your consideration. However, I have stated the substance of the plaintiff's petition and the defendant's plea." And immediately following the judge added: "The effect of the plea of the defendant is to put the burden of proof on the plaintiff to show to your satisfaction by a legal preponderance of the evidence in the case that the allegations he makes are true."

3. Exception is taken to the following instruction: "If you find from the evidence in this case that H. L. Ray, the plaintiff, was an employee of the Southern Railway Company, and that, while so employed, he was engaged in the duties of an employee as the head-brakeman, without any fault upon his part, and, after having exercised ordinary care for his own protection in the discharge of his duties, that he got off the engine and went back and undertook to pass over and across and between the cars, and that he was injured, and without any fault upon his part, and that the injury sustained, if any, was caused by the negligence of the defendant or its employees, or in any of the ways alleged in the petition, then the plaintiff would have made out such a case as would entitle him to recover under the law, the law being that the defendant is required to exercise ordinary care for the protection of the plaintiff." This instruction is not susceptible to the criticism that it invaded the province of the jury by stating that if the plaintiff was injured in the manner described he would be entitled to recover, since it is qualified by the clause "and that the injury he sustained, if any, was caused by the negligence of the defendant or its employees." It was, however, inaccurate to follow this qualification with the additional language, "or in any of the ways alleged in the petition." The use of the word "or," had this language stood alone, would have permitted the jury to find for the plaintiff upon any proved act of negligence, whether charged in the petition or not. A plaintiff is limited to the acts of negligence charged in the petition. *Wrightsville &c. R. Co.* v. *Joiner*, 136 *Ga.* 149 (71 S. E. 126). However, immediately

preceding the instruction quoted and in the same connection, the court in defining negligence cautioned the jury that they were confined "to the specifications alleged in the petition." Twice preceding this, and twice following the instruction in question, the court made it clear that the only negligence which could authorize a recovery was that charged in the petition. The use of the word "or" instead of "and" will therefore be taken as no more than a palpable slip of the tongue, which, in view of the immediately preceding language and other parts of the charge, cannot be held to have misled the jury. *Southern Ry. Co.* v. *Merritt*, 120 *Ga.* 409 (47 S. E. 908); *Dougherty* v. *State*, 7 *Ga. App.* 92 (66 S. E. 276).

4. The instruction upon the doctrine of assumption of risk, while not invoked by the defendant, was favorable rather than prejudicial to its interests, and so far as it went was a correct statement of the law. Had the defendant desired a more concrete application of the abstract principles to its particular theory and contentions, it should have submitted a proper written request.

5. The defendant put in evidence a rule controlling its employees, to the effect that when an employee found it necessary to go under or between any cars or engine, he should first notify other members of the train crew of such intention. The court charged as follows: "If you believe from the weight of the evidence that at the time of the accident there was a rule of the defendant company known to the plaintiff, forbidding the employee of the company from going between the cars to work on the same while the train was standing, without first notifying other members of the train crew, and that the plaintiff violated this rule and was therefore injured, he cannot recover for such injury from the defendant company. But if the evidence discloses that such rule was habitually violated with the tacit approval and acquiesence of the employer, the defendant in this case, the employee is not guilty of contributory negligence in crossing his train or in working upon the same without first notifying other members of the train crew." It is contended that this was error, (1) because the first sentence, charging that if the plaintiff had violated the rule he could not recover, incorrectly stated the principle applicable in such a case, involving contributory negligence, so as to defeat instead of lessen the damages; and (2) because the last sentence quoted was unauthorized by any evidence showing that employees who had crossed between cars had done so without previous notice to other members of the crew. While the charge that the plaintiff could not recover if he had violated the rule did not correctly state the rule of apportionment of damages under the Federal employee's liability act controlling the case, such instruction, in tending to defeat rather than reduce the plaintiff's recovery, could have benefited only the defendant and harmed only the plaintiff. As to the second contention, the judge did not charge that there had been a violation of the rule by other employees, but charged only that "if the evidence discloses that such rule was habitually violated with the tacit approval and acquiescence of the employer . . .", the employee is not guilty of contributory

negligence in crossing his train or in working upon the same without first notifying other members of the crew." There was evidence tending to show that other employees had habitually crossed between trains, and one of the defendant's witnesses testified that "there is nothing unusual in a man crawling over the draw-heads, *but he is taking a chance on his life."* While direct and specific evidence that such habitual crossing was done, without the required previous notice to the engineer or other members of the crew, was lacking, it cannot be said that the jury were unauthorized to form the legitimate inference or conclusion, from the evidence quoted and other testimony, that in such violations of the rule there was a want of such notice.

6. The court correctly charged the rule as to damages for pain and suffering, in stating that "the jury may classify impairment of ability to work and labor as an element of damage" which could be considered "in connection with pain and suffering." *Atlanta St. R. Co.* v. *Jacobs,* 88 *Ga.* 647, 652 (15 S. E. 825), *Powell* v. *Augusta &c. R. Co.,* 77 *Ga.* 192, 200 (3 S. E. 757); *Atkinson* v. *Taylor,* 13 *Ga. App.* 100 (2) (78 S. E. 830); *Pidcock* v. *West,* 24 *Ga. App.* 785, 788 (102 S. E. 360). The failure to charge separately the principle controlling the plaintiff's right to recover the "monetary value of his lost time" was an omission of which the plaintiff, rather than the defendant, might be entitled to complain.

7. This case is controlled by the law of contributory negligence applicable under the Federal employer's liability act, whereby the employee is not debarred from a recovery, but his damages are only "diminished by the jury in proportion to the amount of negligence attributable to such employee" (§ 3, 35 Stat. 65; 36 Stat. 291). The court's definition of contributory negligence, in connection with the rule as to diminution of damages, is complained of on the ground that it intermingled and confused this rule with that applicable where the plaintiff's own negligence is the sole and efficient cause of the injury, and thus deprived the defendant of his defense by failing to charge thereon in the same connection. Although the language at the beginning of this instruction, "The defendant insists in this case that, if there is any liability upon it, . . . the plaintiff was guilty of contributory negligence, in other words that the plaintiff's own negligence caused his injuries," was inaccurate and incomplete as a definition of "contributory negligence," yet in the same connection and immediately following the court correctly defined it and stated the rule applicable. This exception of the defendant is restricted to an alleged error of commission in giving the charge complained of, and does not except to the omission to charge upon the law or contention with reference to the plaintiff's alleged negligence as the sole cause of the injury. Nor was the court required to charge the latter principle in immediate connection with the rules as to contributory negligence. Elsewhere in the charge the jury were instructed that the plaintiff could not recover unless the injury resulted from the defendant's negligence.

8. Grounds 10 and 11 of the motion for a new trial complained of the reading by counsel, in the presence of jury, of rulings of the Court

of Appeals as to the amount of damages awarded in certain cases, which it is contended were irrelevant to the issues and were read only to impress the jury with the large verdicts rendered in those cases and upheld on review. The court overruled the objections of counsel for the defendant to the reading of these rulings, and overruled a motion to retire the jury. The discretion of the judge in allowing cases to be read to him in the presence of the jury during the argument of questions of law, and in not sending the jury out during such argument, will not be interfered with when not manifestly abused. *Rutledge* v. *Hudson*, 80 *Ga.* 266 (4) (5 S. E. 93); *Rome R. Co.* v. *Barnett*, 94 *Ga.* 447 (20 S. E. 355); *Slaughter* v. *Heath*, 127 *Ga.* 747 (8), 748 (57 S. E. 69, 27 L. R. A. (N. S.) 1). Where there is improper argument before a jury, the proper practice is to move for a mistrial; and in the absence of such a motion, or at least of a request to charge thereon, the matter complained of cannot be used as ground for a new trial. *Lenox Drug Co.* v. *New England Jewelry Co.*, 16 *Ga. App.* 476 (5) (85 S. E. 681); *Satterfield* v. *Ayers*, 10 *Ga. App.* 742 (73 S. E. 1091); *Ware* v. *Lamar*, 18 *Ga. App.* 673 (3) (90 S. E. 364); *Corbin* v. *McCrary*, 22 *Ga. App.* 473 (2) (96 S. E. 445).

9. As properly admitted in the brief of plaintiff in error, the plaintiff " sustained his case by his own testimony," and the defendant " sustained its defense " by its witnesses. The verdict was thus authorized by the evidence, and, having the approval of the trial judge, cannot be disturbed on the general grounds; nor, under the facts in the record, can it be set aside on the ground that its amount ($10,500) is excessive.                     *Judgment affirmed. Stephens, J., concurs.*

DECIDED JULY 24, 1922.

Action for damages; from city court of Carrollton — Judge Hood. August 5, 1921.

Application for certiorari was made to the Supreme Court.

*Boykin & Boykin, Maddox, McCamy & Shumate,* for plaintiff in error.

*T. J. Lewis, Willis Smith,* contra.