### 15639. FAGGART *v.* ROWE.

JENKINS, P. J. 1. According to the allegations of the plaintiff's petition and the disputed testimony offered in support thereof, the defendant was guilty of negligence per se · in violating a municipal ordinance of the city of Savannah, regulating the manner in which an automobile should make a turn to the left at an intersecting street. See *O'Dell* v. *Wolcott,* 14 *Ga. App.* 536 (3, 4), 537, 538 (81 S. E. 819). It is likewise true that, according to the disputed evidence offered for the defendant, the plaintiff was himself guilty of negligence per se in violating a statute prohibiting an automobile to approach "any intersecting highway at a greater speed than ten miles per hour." Ga. L. 1921, p. 256; *Sheppard* v. *Johnson,* 11 *Ga. App.* 280, 282, 283 (75 S. E. 348). This act includes city streets. See *Carter* v. *State,* 12 *Ga. App.* 430 (3) (78 S. E. 205); *Hayes* v. *State,* 11 *Ga. App.* 371 (6), 380 (75 S. E. 523); *Ware* v. *Lamar,* 16 *Ga. App.* 560, 565, 18 *Ga. App.* 673 (6) (90 S. E. 364); *Moye* v. *Reddick,* 20 *Ga. App.* 649 (3) (93 S. E. 256).

2. "The theory upon which an injured party is debarred of a right to recover when injured while engaged in the performance of an illegal . . act rests, not upon the ground that he is performing an illegal ·. . act, either alone or jointly with the defendant, but upon the ground that his conduct is negligent and is the proximate cause of his injury. Even though negligence might be shown as a matter of law, the question

of proximate cause may still be one for the jury." *Schofield* v. *Hatfield*, 25 *Ga. App.* 513, 514 (103 S. E. 732) ; *Moody* v. *Dubois*, 29 *Ga. App.* 652 (116 S. E. 219) ; *Central of Ga. Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 419, 420, 424 (91 S. E. 517) ; *Davis* v. *Whitcomb*, 30 *Ga. App.* 497, 501 (14) (118 S. E. 488).

3. Whether or not, in the instant case, the defense that the plaintiff, as appears from the defendant's evidence, was running in excess of ten miles per hour in approaching an intersection of streets should have been pleaded by the defendant (see *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (6), 232, 80 S. E. 36), and, irrespective of what the trial judges of the municipal court may have found upon the disputed issue as to whether the plaintiff was himself violating the speed limit in approaching the crossing, in view of the plaintiff's testimony as to the defendant's making a left turn in violation of a city ordinance, the proximate cause of the plaintiff's injury, and whether negligence of the plaintiff or of the defendant caused or contributed to the same, were questions of fact for determination by the trial court. The judgment for the plaintiff being authorized, and the superior-court judge having overruled the defendant's certiorari, this court can not disturb the judgment.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1925.

Certiorari; from Chatham superior court—Judge Meldrim. April 9, 1924.

*Robert L. Colding, I. C. Farthing,* for plaintiff in error.

*William R. Sanderson,* contra.